**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.  No. CR 04-0448 JB

JACKIE LYNN ELLIS,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the sentencing of Defendant Jackie Lynn Ellis for Manufacturing Counterfeit Obligations or Securities of the United States, in violation of 18 U.S.C. §421 and 18 U.S.C. §2. The Court held a sentencing hearing on this matter on December 21, 2004. The primary issue is whether the Court should accept the United States Probation Office's ("Probation") recommendation to depart from the applicable criminal history category. Both the United States and Ellis concur in this recommendation. Because the Court finds that Ellis' criminal history category substantially over-represents the seriousness of the her criminal history and the likelihood that she will commit other crimes, a downward departure is warranted. Based on the reasons stated at the sentencing, and consistent with those reasons, the Court will depart from the applicable criminal history category and sentence Ellis accordingly.

**BACKGROUND**

Ellis' criminal history consists of one felony drug distribution conviction, see Presentence Investigation Report ¶ 32, at 9-10 (hereinafter "PSR"), and two misdemeanor traffic violations, see PSR ¶¶ 30, 31, at 8-9. In 1998, Ellis was convicted for failure to carry proof of financial

responsibility and for driving while her license was suspended or revoked.  She failed to pay the fine assessed for that conviction and was ordered to serve 64 days in jail.  See PSR ¶ 30, at 8.  In 1999, Ellis was again convicted of driving while her license was suspended or revoked.  She failed to pay the fine assessed for that conviction and was ordered to serve 72 days in jail.  See PSR ¶ 31, at 9.

Ellis received three criminal history points for the felony drug distribution conviction.  See PSR ¶ 32 at 9-10.  She received two criminal history points for each of the misdemeanor traffic violations.  See PSR ¶ 32 at 9-10.  The defendant also received a two point enhancement for committing the instant offense within two years of her release from custody for one of the traffic violations.  See PSR ¶¶ 33, 31, at 8-9.  The total of the criminal history points is nine.  The criminal history category is IV.

Ellis submitted an informal objection to the PSR, arguing that her criminal history category over-represented her criminal history.  In an addendum to the PSR, Probation concurred with Ellis and recommended a downward departure of one category.  Ellis came before the Court for sentencing on December 21, 2004.  At that hearing, the United States represented to the Court that it did not object to a downward departure.

## APPLICABLE LAW

Section 4A1.3(b) of the United States Sentencing Guidelines ("U.S.S.G.") provides: "If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."  U.S.S.G § 4A1.3(b).

## ANALYSIS

The Court finds that Ellis' criminal history score significantly over-represents the seriousness of her criminal history and the likelihood that she will commit other crimes.  Ellis received six criminal history points because she was imprisoned on two occasions when she was unable to pay the fines

for two misdemeanor traffic violations.  The traffic violations have no relation to the federal offense for which the Court is sentencing her.  But for her inability to pay two relatively small fines, Ellis would have received no points for these two traffic violations and her criminal history category would be II.  These two traffic offenses are also relatively minor, and do not involve alcohol, reckless driving, or an accident.  They do not indicate that she will commit other crimes.  A downward departure is warranted.  Ellis' criminal history is more adequately represented by a criminal history category of III.

**IT IS ORDERED** that Ellis' criminal history category is reduced from IV to III and she will be sentenced accordingly.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
    for the District of New Mexico
Mary Catherine McCulloch
  Assistant United States Attorney
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

James P. Baiamonte
Albuquerque, New Mexico

   *Attorney for the Defendant*