IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.       No. CR 04-448 JB

ANTONIO MARTINEZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Downward Departure, filed January 25, 2005 (Doc. 60). The Court heard Defendant Antonio Martinez' motion at his sentencing on February 28, 2005. The primary issue is whether the Court should grant a downward departure, or deviate from the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") range, because his Criminal History Category of V over-represents his criminal history. Because the Court concludes that a downward departure is not warranted, and that the Guidelines range is reasonable for Martinez' offense, the Court will deny his motion.

**PROCEDURAL BACKGROUND**

On September 22, 2004, Martinez pleaded guilty to Count One of a four-count Indictment charging violation of 18 U.S.C. § 471, Manufacturing Counterfeit Obligations or Securities of the United States, and 18 U.S.C. § 2, Aiding and Abetting. After the plea, the Court ordered a Presentence Report ("PSR"). The United States Probation Office disclosed the PSR on November 15, 2004.

In its sentencing calculations, the PSR calculates a Base Offense Level of 9. See Presentence

Report ¶ 19, at 5 (disclosed November 15, 2004)(hereinafter PSR).  The PSR increases the base by six levels pursuant to U.S.S.G. § 2B5.1(b)(2)(A). See PSR ¶ 20, at 6. See also U.S.S.G. § 2B5.1(b)(2)(A) ("If the defendant (A) manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting . . . , increase by **2** levels."); U.S.S.G. § 2B5.1(b)(3)("If subsection (b)(2)(A) applies, and the offense level determined under that subsection in less than level **15**, increase to level **15**.").  The PSR then, pursuant to U.S.S.G. § 3E1.1, decreases the base by two levels for acceptance of responsibility.  See PSR ¶ 25, at 6.

According to the PSR, Martinez has a total of ten Criminal History Points, which places him in Criminal History Category V.  See id. ¶ 35, at 11.  The PSR bases that calculation on the following convictions: (i) two Criminal History Points for a December 30, 2002 Possession of Methamphetamine (a Fourth Degree Felony) conviction and Bringing Contraband Into a Jail (a Fourth Degree Felony) conviction; (ii) two Criminal History Points for a June 22, 2000 Revoked License conviction; (iii) three Criminal History Points for a May 19, 2000 Distribution of Methamphetamine (a Third Degree Felony) conviction; (iv) two Criminal History Points for a November 17, 1999 Falsely Obtaining Services or Accommodations conviction; and (v) one Criminal History Point for an October 2, 1998 DWI First Offense conviction.  See id. ¶ 30-34, at 8-10.

The PSR's paragraph 31 assesses Martinez two Criminal History Points for his May 19, 1999 conviction for Falsely Obtaining Services or Accommodations in San Juan County Magistrate Court, in Aztec, New Mexico.  The PSR states that Martinez "[s]erved 60-days jail in lieu of fines."  PSR ¶ 31, at 8.  The PSR also states, however, that incident reports regarding the conviction are not available.  Martinez represents to the Court that the conviction involved the restoration of basic water

service to his trailer home in Aztec after the utility company turned service off for non-payment of water bills that Martinez and his family incurred.

The PSR's paragraph 33 assesses Martinez two Criminal History Points for his April 3, 2000 Driving While Suspended or Revoked conviction, in San Juan County Magistrate Court. The PSR indicates that no incident reports regarding this matter are available. See id. ¶ 33, at 10. The November 15, 2004 PSR provides the Court little information regarding why Martinez served 364 days for a Revoked License conviction, which is a traffic offense. It indicates that Martinez was sentenced to 364 days, but the sentence was suspended and Martinez was fined $459.00. See PSR ¶ 33, at 9. On November 8, 2000, Martinez was arrested for failure to pay the Revoked License conviction fines. See id. He received 112 days jail in lieu of the fines. Martinez represents to the Court that, because of the poor state of his financial affairs in 2000, and because of his drug addiction, he was unable to pay the fines in that matter.

On December 7, 2004, the Probation Office sent a memorandum indicating to the Court, with copies to counsel, that new information from the United States Probation Office in the District of Wyoming had advised that certain arrests were actually convictions. The additional convictions adjusted increased Martinez' Criminal History Points from 10 to 12, but Martinez' Criminal History Category remained unchanged. On December 7, 2004, the Probation Office issued a revised PSR containing Martinez' additional Criminal History Points and reflecting the time for which Martinez received credit regarding the June 22, 2000 Revoked License conviction.

Both PSR's indicate other adult criminal convictions for which Martinez is not receiving any Criminal History Points: (i) Liquor Law Violation (March 18, 1988); (ii) Auto Burglary and Larceny Over $250.00 (February 6, 1988); (iii) DWI (December 29, 1988); (iv) Open Container (June 1,

1990); and (v) Driving Under the Influence, Leaving the Scene of an Accident, and Failure to Render Aid (January 27, 1991). See PSR ¶¶ 28, 29, at 6-7; Revised PSR ¶¶ 28-32, at 6-8 (revised December 7, 2004).

With a Total Offense Level of 13, and a Criminal History Category of V, both PSR's calculate a Guideline imprisonment range of 30 to 37 months. See PSR ¶ 63, at 16; Revised PSR ¶ 68, at 19. Martinez moves for a downward departure from the Guidelines imprisonment range that the PSR sets forth. Martinez contends that the Criminal History Category of V over-represents his criminal history.

Martinez requests a downward departure to Criminal History Category IV. Martinez proposes a Guideline imprisonment range of 24 to 30 months. The United States opposes this motion for a downward departure.

**LAW ON SENTENCING**

In United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), the Supreme Court of the United States excised 18 U.S.C. § 3553(b), the provision of the Sentencing Reform Act that made the Guidelines mandatory. See id at 756-57 (Breyer, J.). The Supreme Court indicated that the Guidelines are "advisory." Id. United States v. Booker requires district courts to continue to consult the Guidelines when formulating a sentence. See United States v. Gonzalez-Huerta, 403 F.3d 727, 738 (10th Cir. 2005). Judges must also consider the other factors set forth in 18 U.S.C. § 3553(a). See United States v. Booker, 125 S.Ct. at 756-57.

Section 3553(a) sets out factors a court is to consider in imposing a sentence and directs courts to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)." 18 U.S.C. § 3553(a). Paragraph (2) indicates those purposes are:

> [T]he need for the sentence imposed--
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes of the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). Section 3553(a) further directs courts to consider: (i) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) "the kinds of sentences available," 18 U.S.C. § 3553(a)(3); (iii) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6); and (iv) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7).

## **OVER-REPRESENTATION OF CRIMINAL HISTORY**

A downward departure may be warranted when "a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. The United States Court of Appeals for the Tenth Circuit acknowledges that the district court ought to consider recidivism in addition to the seriousness of a defendant's criminal history when deciding whether to grant a motion for a downward departure under § 4A1.3. See United States v. Maldonado-Campos, 920 F.2d 714, 720 (10th Cir. 1990).

A court's refusal to grant a downward departure based on an assertion of over-representation of a defendant's criminal history is generally not appealable. See United States v. Miranda-Ramirez,

309 F.3d 1255, 1258 (10th Cir. 2002).

## ANALYSIS

Martinez, citing the initial PSR, moves for a one-level downward departure in his Criminal History Category. He asks the Court to not assess four criminal history points, because his Criminal History Category over-represents his Criminal History. The Court does not agree, however, that a Criminal History of V over-represents Martinez' criminal history. Moreover, the Court believes a sentence of 30 months is reasonable and reflects fully all the factors that 18 U.S.C. §3553(a) embodies.

### I. THE ALLEGED OVER-REPRESENTATION OF MARTINEZ' CRIMINAL HISTORY DOES NOT WARRANT, UNDER THE FACTS AND CIRCUMSTANCES OF THIS CASE, A DOWNWARD DEPARTURE.

Martinez presents the Court with one primary ground allegedly warranting a downward departure from the applicable Guidelines imprisonment range. Martinez bases his requested departure upon the alleged over-representation of his Criminal History. Of the ten Criminal History Points assessed Martinez in the November 15, 2004 PSR, he contends that the last four points substantially over-represent the seriousness of his criminal history or the likelihood that he will commit other crimes. Specifically, Martinez contends that the Falsely Obtaining Services or Accommodations, and Revoked License convictions substantially over-represent the seriousness of his criminal history because they are not the typical misdemeanor convictions that result in assessment of four Criminal History Points against an individual.

Martinez contends that his restoration of basic water services to his home, for household usage, differs significantly from the typical offense conduct for falsely obtaining services, which typically would involve the theft of something less basic than water service to a home. Similarly,

Martinez argues that the Criminal History Points for his Revoked License conviction resulted from his inability to pay the magistrate court's fines. He represents that his poor state of financial affairs and his drug addiction prevented him from paying the fines.

Pursuant to Martinez' request, the Court has fully and carefully considered the circumstances of his case in arriving at a fair and just sentence. By focusing only on parts of his criminal history, Martinez is attempting to minimize the seriousness of his misdemeanor convictions, his subsequent contempts of court for those convictions, and his lengthy criminal history. Although the convictions Martinez identifies involve offense conduct less serious than many misdemeanor crimes, such as, for example, Driving While Intoxicated or simple Battery, these offenses are nevertheless consistent with many other crimes that Martinez committed and for which he is not receiving Criminal History Points. A review of Martinez' criminal history demonstrates his strong proclivity to re-offend.

Although Martinez identifies two prior misdemeanor convictions resulting largely from his financial difficulties and drug addiction, the Court cannot say that the Criminal History Category of V substantially over-represents the seriousness of his past criminal conduct or the likelihood that he will commit other crimes. Indeed, given the long list of crimes for which Martinez is not receiving any points, the Court believes that Criminal History Category V more appropriately reflects Martinez' criminal history than would Criminal History Category IV. There is no sound ground, based either on the seriousness of Martinez' criminal history or on the likelihood of recidivism, for granting a downward departure.

The Court will deny Martinez' request for a departure. It is not at all clear that, under the facts and circumstances of this case, the Guidelines intend for a court to depart. In any case, the Court does not believe that, given Martinez' long criminal history, a Criminal History Category of

V significantly over-represents his criminal history. Regardless whether it is authorized to depart in this case, the Court chooses not to depart, because it does not believe a departure is warranted under the facts and circumstances here. Unfortunately, many defendants have financial problems caused by drug problems. The Court has trouble distinguishing this case from many others. The Court finds this case fits into the heartland of cases. Even if departure is authorized under the facts of this case, the Court would exercise its discretion not to depart, because this case fits in the heartland of cases that this Court sees and that the nation's federal courts see.

## II.   A SENTENCE OF 30 MONTHS SERVES THE PURPOSES OF SENTENCING UNDER 18 U.S.C. § 3553(a).

The Court also does not believe that reducing Martinez' sentence to 24 months would fulfill the purposes of sentencing under 18 U.S.C. § 3553(a). Specifically, with a deviation to 24 months, the proposed imprisonment would not: (i) reflect the seriousness of the offense; (ii) promote respect for the law; (iii) provide just punishment for the offense; (iv) afford adequate deterrence to criminal conduct; (v) protect the public from further crimes by Martinez; or (vi) provide Martinez with needed training, medical care, or other correctional treatment in the most effective manner. The Supreme Court, in United States v. Booker, emphasizes these statutory factors as a guide for the Court in reaching an appropriate sentence. In contrast, a sentence of 30 months will fulfill the purposes of sentencing that 18 U.S.C. § 3553(a) enumerates.

Martinez accepted responsibility for committing the crimes for which the Court is sentencing him. The United States has incurred a limited monetary loss as a result of Martinez' and co-defendant Jackie Lynn Ellis Martinez' attempt to pass a total of $140.00 in counterfeit United States currency. The Court has also considered the circumstances of his criminal history. But the Court does not

consider the circumstances in this case to be unique. They are typical of defendants who stand before the Court with serious drug problems.

Martinez pledged to the Court that he will not return to the use of illegal drugs. But without intensive treatment, the Court is doubtful that Martinez will be able to overcome his problem. The Court thinks it would be better if Martinez went through the Bureau of Prisons' 500 hour intensive drug treatment program than to get a reduced sentence.

While the Court has discretion in fashioning an appropriate sentence, the Court does not believe that a downward deviation from his Guidelines sentence is warranted. The calculation of Martinez' Criminal History Category under the guidelines yields a reasonable sentencing range that the Court will follow. The Court believes that a Guidelines sentence would better fulfill the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

In conclusion, the Court has considered the Guidelines and, in arriving at its sentence, has taken account of the Guidelines with other sentencing goals. Specifically, the Court has considered the Guidelines' sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment set forth in the Guidelines is appropriate for this sort of offense. The Court has then considered the kinds of sentence and range that the Guidelines establish. The Court believes that a sentence of 30 months reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, effectively provides the defendant with needed training and medical care, and otherwise fully reflects each of the factors that 18 U.S.C. § 3553(a) embodies. The Court also believes the sentence is reasonable. The Court believes that this sentence is sufficient, but not greater than necessary, to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that the Defendant's Motion for Downward Departure is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the
    District of New Mexico
Mary Catherine McCulloch
  Assistant United States Attorney for the
    District of New Mexico
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Kenneth A. Gleria
Albuquerque, New Mexico

    *Attorney for the Defendant*